16-534
*Li v. Garland*

BIA
A070 900 637

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of September, two thousand twenty-three.

PRESENT:

> DENNY CHIN,
> RICHARD J. SULLIVAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

QIN ZHI LI, AKA QINZHI LI,

> *Petitioner*,

v.                                                                      16-534
                                                                        NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

_____

**FOR PETITIONER:**                    Gary J. Yerman, New York, NY.

**FOR RESPONDENT:**                  Brian M. Boynton Principal Deputy Attorney General; Liza S. Murcia, Senior Litigation Counsel; Kathleen Kelly Volkert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qin Zhi Li, a native and citizen of the People's Republic of China, seeks review of a January 28, 2016, decision of the BIA denying his motion to reopen his removal proceedings to apply for asylum and related relief. *In re Qin Zhi Li*, No. A 070 900 637 (B.I.A. Jan. 28, 2016). We assume the parties' familiarity with the underlying facts and procedural history.

A motion to reopen ordinarily must be filed within ninety days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limit does not apply, however, if the movant seeks to reopen to apply for asylum "based on changed country conditions arising in the country of nationality or the

2

country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

We review the BIA's denial of a motion to reopen deferentially for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). We will identify such abuse only if the BIA's decision-making was arbitrary or capricious, as evidenced by a decision that provides no rational explanation for the agency's conclusion, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements. *See id.* at 169.

That said, when a petitioner bases a motion to reopen on a purported change in country conditions, "the BIA must compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (internal quotation marks omitted); *see also id.* ("The BIA has broad discretion in how it conducts this review, but it must explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim." (internal quotation marks

3

omitted)).  Where such consideration has been given, we review the BIA's fact-finding only for substantial evidence.  *See Jian Hui Shao*, 546 F.3d at 169; *see also Alvarado-Carillo v. INS*, 251 F.3d 44, 49 (2d Cir. 2001) ("Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)).

Here, the BIA did not abuse its discretion in denying Li's motion to reopen.  As the agency correctly determined, Li's motion was untimely because he filed it in 2015 – approximately thirteen years after the BIA affirmed his removal order in 2002 – and Li did not qualify for the changed-conditions exception.  Li asserts that he became a Christian in the United States in 2014 and that conditions for Christians in China have materially worsened since his original proceedings.  But Li's practice of Christianity is not *itself* a changed country condition.  *See Wei Guang Wang v. Bd. of Immigr. Appeals*, 437 F.3d 270, 273–74 (2d Cir. 2006) (holding that a "self-induced change in personal circumstances cannot suffice" to show changed country conditions excusing the time limit on a motion to reopen).  And substantial evidence supports the BIA's conclusion that Li did not establish a material change in conditions for Christians in China over the relevant time

4

period.  Indeed, the BIA explicitly compared evidence of conditions at the time of Li's original proceedings in 1999 with those at the time of his motion in 2015, and it reasonably found that the country-conditions evidence showed continuing problems for Christians in China rather than a material change in circumstances. *See Tanusantoso*, 962 F.3d at 698; *compare, e.g.*, Certified Admin. Record at 871–72, 875 (1998 State Department report noting that the Chinese government requires registration of five officially recognized religions (Catholicism, Protestantism, Buddhism, Daoism and Islam) and closed hundreds of house church groups, detained worshipers, and destroyed church property), *with id.* at 559–61 570, 579–81 (2013 State Department report noting that unregistered house churches continue to face persecution and illegal detention).

Li's arguments to the contrary are unavailing.  For example, Li asserts that the BIA erred because it considered only whether conditions for Christians had materially worsened in his home province of Fujian.  But where, as here, the record reveals that conditions vary throughout a country, the applicant has the burden to establish conditions in his home province.  *See Jian Hui Shao*, 546 F. 3d at 149–50, 165–66; *see also Jian Liang v. Garland*, 10 F.4th 106, 117 (2d Cir. 2021)

5

(concluding that petitioner failed to meet his burden of proof because he produced no evidence of persecution of Christians in Fujian Province). Li also asks this Court to take judicial notice of country-conditions evidence published in 2022. We decline to do so, however, as that evidence was not before the BIA and does not reflect "fundamental change" in China. *Hoxhallari v. Gonzales*, 468 F.3d 179, 185–88 & n.5 (2d Cir. 2006); *see also* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6